# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

THE DREAM DEFENDERS; THE
BLACK COLLECTIVE, INC., et al.

    Plaintiffs,

v.                                        Case No.: 4:21-CV-191

RON DESANTIS, in his official capacity as
Governor of the State of Florida, et al.,

    Defendants.

_____/

## ATTORNEY GENERAL'S REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Local Rule 7.1 and this court's order (ECF 74) Defendant, the Attorney General of Florida, files this Reply to Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss. ECF 76.

As a threshold matter, Plaintiffs' Response alleges that each count of the Complaint challenges the Act as a whole. The Act has 20 distinct sections and amends statutes throughout Florida's statutory code. Each one of those statutes must be individually analyzed under the applicable legal test for each claim. Courts do not assess whether an entire act satisfies intermediate or strict scrutiny; instead, they assess whether a particular statute does, analyzing the government interests behind and tailoring of the statute. That analysis cannot be performed on an entire act, with

1

varying provisions, subject matter, government interests, and tailoring. Even if there is some discrete issue that relates to all of the statutes amended by an act (such as the intent of the Legislature), that does not mean that every statute will necessarily be deemed constitutional or unconstitutional.

I. **Plaintiffs Lack Standing**

   A. <u>Plaintiffs Failed to Establish Organizational Standing.</u>

Plaintiffs' Response states, "by alleging that they have diverted resources away from their other programs and services [they] have met their burden of pleading organizational standing." ECF 76 at 7. This is incorrect. Plaintiffs must specify what activities the expenditures were diverted away from in order to combat HB 1. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1250 (11th Cir. 2020). Plaintiffs failed to meet this pleading requirement and therefore have not established organizational standing.

   B. <u>Plaintiffs Cannot Satisfy the "Injury" Prong of the Standing Analysis</u>

Plaintiffs allege that Defendants "mistake" the nature of their injuries. Specifically, Plaintiffs contend they are not asking the court to speculate regarding the actions of independent third parties. *See* ECF 76 at 8. However, that is precisely what Plaintiffs are asking the Court to do.

Plaintiffs do not contend that their conduct (peaceful protest) by itself is arguably prohibited by HB 1; rather, they assert that if they peacefully protest *and*

2

independent third parties (other protestors) riot near them, they could potentially be arrested. In other words, their theory of injury relies on speculation about other protestors (as well as police). Plaintiffs provide the following example of this speculative occurrence in their Response: "protestors are fearful that they could be caught up in a disturbance and unlawfully arrested for their mere presence at a demonstration in which others engage in violence." ECF 76 at 9. Plaintiffs' speculative theory of injury is insufficient to support standing. *See* ECF 38 at 13. They have not established a concrete and imminent injury.

    C. <u>Plaintiffs have not established traceability or redressability as to the Attorney General[1]</u>

Plaintiffs rely almost exclusively on *Support Working Animals, Inc. v. DeSantis*, for the proposition that they have met the traceability and redressability prongs of the standing analysis as to the Attorney General. 457 F. Supp. 3d 1193 (N.D. Fla. 2020). However, relying on the Eleventh Circuit's subsequent opinion in *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193 (11th Cir. 2020), this court entered an order dismissing the Attorney General on the basis that her general superintendence was insufficient to confer standing. *See Support Working Animals, Inc. v. DeSantis*, Case No. 4:19-cv-570-MW/MAF (N.D. Fla. June 12, 2020).[2]

---

[1] Plaintiffs' Response incorrectly asserts that Defendants only argue that Plaintiffs' members do not have standing in their own right. *See* ECF 76 at 7. Defendant Moody asserted that Plaintiffs' members lack standing based on all three prongs of the standing analysis.

[2] This Order is currently on appeal with the Eleventh Circuit. *Support Working Animals, Inc v. DeSantis*, Case No. 20-12665. Oral Argument was held on July 2, 2021.

Applying *Supporting Working Animals II* and *Jacobson* to the case at hand yields the same result.

Plaintiffs' attempt to distinguish this case from *Jacobson* fails. They allege that the Attorney General has "statutory, constitutional and residual coercive authority over the state attorneys," yet they fail to cite to any authority for this proposition. ECF 76 at 15. Under Florida law, state attorneys are independent constitutional officers, Art. V, § 17, Fla. Const., who have complete discretion in deciding whether to prosecute. ECF 38 at 6; *see also State v. Barritt*, 531 So. 2d 338, 342 (Fla. 1988) ("[T]he state attorney has complete discretion in deciding whether and how to prosecute."); *Cook v. State*, 921 So. 2d 631, 644 (Fla. 2d DCA 2005) ("[w]ith respect to the prosecution of crimes, the State acts exclusively through the offices of the state attorneys"). Therefore, just like in *Jacobson*, Plaintiffs seek an injunction against a state official with general executive authority (here, the Attorney General; in *Jacobson*, the Secretary of State) ordering the state official to direct independent local officials (here, Florida's 20 state attorneys; in *Jacobson*, Florida's 67 supervisors of elections) to take a particular action, which the local officials would have discretion not to take. Just like in *Jacobson*, then, Plaintiffs at bottom seek relief from independent non-parties, not the Attorney General. That is dispositive as to traceability and redressability.

4

But even putting that aside, Plaintiffs have not alleged that the Attorney General "has ever" enforced HB 1 "or even threatened to do so." *See Lewis v. Governor of Alabama*, 944 F.3d 1287, 1298 (11th Cir. 2019) (en banc). "Under [Eleventh Circuit] precedent, that's a problem." *See id.* The Eleventh Circuit has held that a plaintiff's injuries are not traceable to a state Attorney General when the Attorney General has not taken action to enforce a challenged law or threatened to enforce it. *See id.*

## II. Plaintiffs' Complaint Fails to Meet the Pleading Requirements

Plaintiffs allege that the Complaint is "straight-forward" and gives ample notice of the claims against the Defendants. This is not the case.

First, Plaintiffs' Response states that Count 3 (violation of First Amendment) and Count 4 (violation of Due Process Clause) challenge the entire Act as well as specific sections of the Act. *See* ECF 76 at 41. The Act consists of 20 Sections. The Complaint does not contain sufficient allegations in support of their claims that each section violates the due process clause or free speech.

As to Count 4, in the Complaint and their Response, Plaintiffs specifically identify Section 15 and Section 2 as vague. *See* ECF 1 at 58-59; ECF 76 at 26. Yet, they fail to allege facts to support their contention that the other eighteen (18) sections of the Act are vague. Without specific allegations detailing which sections

are vague and the basis for their claims of vagueness, the litigants and the court are without notice of the actual claims at issue.

As to Count 3, the Response alleges that Sections 15, 2, and 14 are overbroad. Yet, the Complaint is not limited to those three sections and alleges that the "[t]he Act . . . is overbroad." ECF 1 at ¶ 147; *see also* ¶153 ("the Act is unconstitutionally overbroad."). These discrepancies in Plaintiffs' filings are not innocuous, but go to the heart of Plaintiffs' legal challenge. Furthermore, the Complaint is devoid of allegations in support of their contention that the remaining seventeen (17) Sections are overbroad.

Second, Plaintiffs' Response addresses Defendants' arguments regarding the First Amendment Claim (ECF 76 at 23) and the Equal Protection Claims (ECF 73 at 33). It does not address Defendants' arguments regarding their Due Process Claim. Rather, Plaintiffs' Response only addresses vagueness in the context of their First Amendment Claim. ECF 76 at 26. Therefore, it appears that Plaintiffs have abandoned their Due Process Claims or have declined to respond to Defendant Moody's arguments related to Count 4 in the Motion to Dismiss. ECF 38 at 30. *See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("appellants' failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned"); *A1 Procurement, LLC v. Hendry Corp*, Case No. 11-23582-CIV, 2012

6

WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012) (failure to defend a claim when responding to a motion to dismiss results in abandonment of the claim).

Third, the Response and Complaint both allege that the Act regulates speech based on content and viewpoint but fails to provide sufficient allegations in support of this claim. The Complaint only provides specific allegations as to Section 8 and generally references Sections 1, 3, 15, 16, and 18. It contains no allegations in support of their contention that the remaining fourteen (14) Sections are content or viewpoint based restrictions or even how each provision invokes First Amendment protection, including the right to free speech or peaceably assemble.

Fourth, Defendant Moody's Motion to Dismiss argues that Count 2 "seeks to 'convert' a First Amendment argument 'into one founded on the [Equal Protection] [C]lause." ECF 38 at 21 (citation omitted). Instead, Plaintiffs argue "[w]ith respect to Count 2, [that] Defendants do not contest that laws burdening the fundamental right of expression and targeted at certain messages violate the Equal Protection Clause." ECF 76 at 39.

If it is Plaintiffs' intent to use Count 2 as a vehicle to raise claims of burdened free speech, free speech claims are more specifically alleged in Count 3, which alleges First Amendment violations. Such alleged burdens, in and of themselves, do not state an equal protection cause of action.

The Equal Protection Clause focuses on a law's disparate impacts on similarly situated persons, not burdens on speech alone. *See Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009) (The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner). It protects persons and classes from arbitrary treatment without legitimate justification. *Abdool v. Bondi,* 141 So. 3d 529, 545 (Fla. 2014) (citing *Clements v. Fashing,* 457 U.S. 957, 963 (1982)) "When government regulation discriminates among speech-related activities in a public forum, the Equal Protection Clause mandates that the legislation be finely tailored to serve substantial state interests, and the justifications offered for any distinctions it draws must be carefully scrutinized." *Carey v. Brown*, 447 U.S. 455, 461-62 (1980).

In order to determine whether a law violates equal protection, the allegations must identify comparators. "An individual is 'similarly situated' to others for equal protection purposes when a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." *Davis v. Coakley,* 802 F.3d 128, 133 (1st Cir. 2015) (internal quotes omitted). Count 2 fails to identify the comparators with specificity. Defendant Moody's Motion to Dismiss argues that Count 2 fails to allege facts that the Act "suppresses viewpoints of Black-led movements and their allies, while advancing the viewpoint of those who support the government "'law and order' message". ECF 38 at 21 (citing ECF

1 at ¶ 138.  The Response dismisses this objection as a baseless complaint.  ECF 76 at 39.

And Count 2 improperly pleads a claim against the Act in its entirety. In order to analyze whether a Section of the Act violates the Equal Protection Clause, it must be evaluated in isolation from the other Sections.  Count 2 must allege a separate equal protection claim for each challenged Section.  Plaintiffs cannot lump together all 20 Sections of the Act into Count 2, as the Response acknowledges was done. ECF 76 at 39-40.

Fifth, Plaintiffs' pleading deficiencies also implicate standing issues. If Plaintiffs are challenging every statute enacted or amended by the Act, they must establish standing to bring First and Fourteenth Amendment challenges to each statute. *See Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (a plaintiff must show standing for each claim and for each form of relief sought); *accord California v. Texas*, 141 S. Ct. 2104, 2119 (2021) (rejecting plaintiffs' theory that they had standing to challenge one part of an act because other parts of the act harmed them).

Lastly, as confirmed by Plaintiffs' Response, the Complaint only has specific allegations as to Sections 2, 8, 14, and 15 of the Act. *See* Fla. Stat. §§ 316.2045, 784.0495, 836.115, and 870.01, respectively. To the extent Plaintiffs seek to challenge other statutes, the challenges should be dismissed.

### III. Section 15 is not a guilt-by-association law

Plaintiffs' Response alleges that Section 15 constitutes an impermissible guilt-by-association law because it is "open to an interpretation that expands the 'riot' definition to encompass not just those with the intent to commit violence, but also those who willfully participate in a disturbance that turns violent – even if they were not aware of, and never intended to commit, any violence themselves." ECF 76 at 30. Essentially, Plaintiffs argue that the statute can be interpreted to apply to persons who are peacefully protesting. This argument is belied by the plain text of the statute, which not only requires "willful participat[ion] in a violent public disturbance" and "a common intent to assist . . . in violent and disorderly conduct," Fla. Stat. § 870.01(2), but also states "[t]his section does not prohibit constitutionally protected activity such as a peaceful protest." Fla. Stat. § 870.01(7). Rather than reading and interpreting the statute in its entirety, Plaintiffs simply ignore subsection 7 without explanation. *See* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) ("Perhaps no interpretative fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text.").

Although subsection 7 disposes of Plaintiffs' argument, the argument would fail even without subsection 7 since Section 15 requires "a common intent to assist . . . in violent and disorderly conduct." Plaintiffs have attempted to read that mens

rea requirement out of the statute, asserting that it "could reasonably be read as relating back only to the 'assembly of three or more persons.'" ECF 65 at 26; ECF 76 at 27. But that assertion is unavailing. Section 15 applies only if a person "willfully participates in a violent public disturbance" with at least two other people, and all three individuals have "a common intent to assist each other in violent and disorderly conduct." Fla. Stat. § 870.01(2).

**IV. Section 14 is not overbroad under *Brayshaw***

Plaintiffs allege that Section 14 is overbroad under *Brayshaw v. City of Tallahassee*, 709 F. Supp. 2d 1244, (N.D. Fla. 2010). However, *Brayshaw* is distinguishable. The statute at issue in *Brayshaw* did not have the requisite element of requiring a true threat. The court stated, "simply publishing an officer's phone number, address, and e-mail address is not in itself a threat or serious expression of an intent to commit an unlawful act of violence." *Id*. at 1248. The court went on to note that the word "threat" was not in the challenged law. In contrast, Section 14 plainly punishes posting of personal identification information with the intent for a third party to "incite violence or commit a crime against the person" or to "threaten or harass the person, placing such person in reasonable fear of bodily harm." Fla. Stat. § 836.115. Here, the law proscribes conduct that presents a true threat or is otherwise not afforded constitutional protection.

### V. HB 1 is content-neutral. Plaintiffs' claim that it targets police-reform advocacy fails.

Plaintiffs rely on *Dakota v. Rural Action v. Noem*, 416 F.Supp. 3d 874 (D.S.D. 2019) in support of their contention that HB 1 is content-based. ECF 76 at 25. However, *Noem* is distinguishable. The statute at issue in *Noem* was clearly targeted towards pipeline protests. The statute created a recovery fund and allowed civil damages to be transferred to a pipeline engagement activity coordination expenses fund. *Id.* at 883. Here, nothing in the act is directed at any particular topic of speech.

## CONCLUSION

Based on the above, the Complaint should be dismissed against the Attorney General and dismissed in its entirety. Alternatively, Plaintiffs should be required to file an amended complaint that complies with the pleading requirements in the Federal Rules of Civil Procedure. And because HB 1 is codified and in legal effect, references to disputed sections of HB 1 should be to specific statutes, not bill sections.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I hereby certify that this Reply contains 2,695 words.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ *Anita J. Patel*
Anita J. Patel (FBN 0070214)
Senior Assistant Attorney General
Anita.Patel@myfloridalegal.com
ComplexLitigation.eservice@myfloridalegal.com

Karen Brodeen (FBN 512771)
Special Counsel
Karen.Brodeen@myfloridalegal.com

Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2021 a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ *Anita J. Patel*
Anita J. Patel