UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DREAM DEFENDERS, et al.,**

    **Plaintiffs,**

v.                                             Case No.:  4:21-cv-191-MW-MAF

**RON DESANTIS, in his official capacity as
Governor of the State of Florida, et al.,**

    **Defendants.**
_____/

### DEFENDANT WALT MCNEIL'S REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS [ECF No. 76

Defendant Walt McNeil, in his official capacity as Sheriff of Leon County, by and through undersigned counsel, files this reply to Plaintiffs' consolidated response to Defendants' motions to dismiss [ECF No. 76].

The Sheriff's motion to dismiss argued that Plaintiffs and their members lack standing to bring this suit. ECF No. 50, pp. 2-4. In their complaint, Plaintiffs failed to allege facts to suggest that Sheriff McNeil has taken any action related to HB1, or that Sheriff McNeil has undertaken any specific "unlawful conduct" that has caused Plaintiffs or any of their members redressible harm. Id, p. 3.

In their response to Sheriff McNeil's motion to dismiss, Plaintiffs declined to directly address this standing argument, and instead posited for the first time in this

litigation that Sheriff McNeil is an "agent of the state" for purposes of enforcing state law. This argument fails.

Plaintiffs make no effort – in their complaint or in their consolidated response to Defendants' motions to dismiss – to evaluate the "arm of the state" issue under the four-factor test articulated in *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (*en banc*). Rather, Plaintiffs simply present a threadbare assertion that Florida sheriffs are agents of the state, citing as support case law involving sheriffs in Alabama and Georgia. However, "Florida defines sheriffs and their functions very differently than Alabama or Georgia." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1305 (11th Cir. 2005).

Plaintiffs also rely on two Florida District Court cases[1] for the remarkable position that "Florida sheriffs are state agents when serving in their capacity as enforcers of state laws." ECF No. 76, p. 21. The first case, *Troupe v. Sarasota County*,[2] based this finding entirely on section 30.15(1)(e), Florida Statutes, which provides that "Sheriffs, in their respective counties, in person or by deputy, shall … [b]e conservators of the peace in their counties." *Troupe*, 2004 WL 5572030, *12.

---

[1] A third District Court case cited by Plaintiffs, *L.S. ex rel. Hernandez v. Peterson*, No. 18-CV-61577, 2018 WL 6573124 (S.D. Fla. Dec. 13, 2018) *aff'd*, 982 F.3d 1323 (11th Cir. 2020), does not address this "agent of the state" issue.
[2] No. 8:02-cv-53-T-24MAP, 2004 WL 5572030 (M.D. Fla. Jan. 22, 2004), *aff'd on other grounds*, 419 F.3d 1160 (11th Cir. 2005).

The second case, *Washington v. Washington*,[3] involved a lawsuit brought against both the Sheriff of Leon County and the Leon County Board of Commissioners. The Court relied on *Troupe* to hold that the County is not responsible for the law enforcement decisions of the Sheriff. *Washington*, 2015 WL 9918155, *4. These two unreported cases appear to be the sole outliers where a Court has held, even in passing, that Florida sheriffs are state agents.

Plaintiffs have not identified (and the undersigned is unaware of) any case from the Eleventh Circuit Court of Appeals or a reported case from any Florida District Court that stands for the proposition that a Florida sheriff is acting as an agent of the state when he or she enforces state law. To the contrary, the vast majority of case law supports the position that Florida sheriffs are county officers and not agents of the state. See Sheriff Tony's reply (ECF No. 80), pp. 4-5, and Sheriff Williams' reply (ECF No. 82), pp. 4-9.

For this reason, Florida sheriffs generally do not enjoy 11th Amendment immunity from claims brought pursuant to § 1983. *Hufford v. Rodgers*, 912 F.2d 1338, 1342 (11th Cir. 1990) ("…the Eleventh Amendment does not protect Florida sheriffs from liability under section 1983.") Since *Hufford*, courts have permitted § 1983 suits against Florida sheriffs in various situations. *See, e.g.*, *Stanley v. Israel*,

---

[3] No. 4:15CV114-RH/CAS, 2015 WL 9918155 (N.D. Fla. Nov. 24, 2015), *report and recommendation adopted*, 2016 WL 335870 (N.D. Fla. Jan. 26, 2016).

843 F.3d 920, 925 (11th Cir. 2016) (collecting cases). Plaintiffs' suggestion that this Court fundamentally alter § 1983 liability for Florida sheriffs, while tempting in the long run, simply cannot be supported by existing law.

In any event, the actual allegations in Plaintiffs' complaint were that Sheriff McNeil's "unlawful conduct" caused Plaintiffs "irreparable harm..." ECF No. 1, ¶¶ 131-133 (Count I), 142-144 (Count II), 161-163 (Count III), 173-175 (Count V). Plaintiffs still have not identified any "unlawful conduct" or "irreparable harm" by the hands of Sheriff McNeil. Plaintiffs' failure to do so in their response is a tacit acknowledgement that they are unable to do so.

For these reasons, and for the reasons set forth in his motion to dismiss, Sheriff McNeil respectfully requests that this Court enter an Order dismissing Plaintiffs' complaint against him, with prejudice.

Respectfully submitted this 27th day of July, 2021.

>*/s/ Matthew J. Carson*
>**MATTHEW J. CARSON**
>Florida Bar No.  0827711
>Email: mcarson@sniffenlaw.com
>**MICHAEL P. SPELLMAN**
>Florida Bar No. 0937975
>Email: mspellman@sniffenlaw.com
>**SNIFFEN & SPELLMAN, P.A.**
>123 North Monroe Street
>Tallahassee, Florida 32301
>Telephone: (850) 205-1996
>Facsimile: (850) 205-3004
>*Attorneys for Defendant Sheriff Walt McNeil*

## CERTIFICATE OF WORD COUNT

Counsel, pursuant to Local Rule 7.1(F), certifies the proceeding reply contains 765 words.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 27th day of July, 2021.

>  */s/ Matthew J. Carson*
>  **MATTHEW J. CARSON**