# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

THE DREAM DEFENDERS,
THE BLACK COLLECTIVE, *et al.*,

    Plaintiffs,

v.

RON DESANTIS, *et al.*,

    Defendants.

Case No.: 4:21-cv-191-MW-MAF

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Pursuant to the Court's July 23, 2021, Order, Plaintiffs submit this supplemental brief in opposition to the Defendants' motions to dismiss. *See* ECF No. 78. The Court invited the parties to explain why the published decision in *Support Working Animals, Inc. v. DeSantis,* 457 F. Supp. 3d 1193 (N.D. Fla. 2020) ("*SWA I*"), is applicable or persuasive given the Court's later dismissal of that complaint in light of *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193 (11th Cir. 2020). *See* Order Granting Mot. to Dismiss, *Support Working Animals, Inc. v. Moody*, No. 4:19-cv-570-MW/MAF (N.D. Fla. June 12, 2020), ECF No. 50 ("*SWA II*").

As neither the subsequent order nor the appeal in *Support Working Animals* is noted in Westlaw or Lexis, Plaintiffs were unaware of this Court's opinion dismissing the case and thus relied on the Court's earlier published decision in

opposing Defendants' motions to dismiss. In light of that subsequent order, Plaintiffs withdraw their reliance on *SWA I*, but maintain that the Attorney General is properly sued in this case under binding Eleventh Circuit authority and that the Court's order in *SWA II* does not warrant dismissal of the Attorney General.

### I. Plaintiffs Have Established Causation and Redressability Under *Reproductive Health Services v. Strange*

After this Court's decision in *SWA II,* the Eleventh Circuit held in *Reproductive Health Services v. Strange* that the plaintiffs had established causation and redressability between their pre-enforcement injuries arising from potential criminal penalties and the Attorney General's law-enforcement role. No. 17-13561, -- F.4th --, 2021 WL 2678574, at *6 (11th Cir. June 30, 2021).

The plaintiffs in *Strange* challenged Alabama's Parental Consent Act, which, among other things, criminalized as a Class A misdemeanor performing abortions in violation of the Act or generally failing to conform to the Act's requirements. *Id*. at *3. The plaintiffs alleged cognizable harm arising from the "threat of prosecution and loss of medical license" under the Act. *Id*. at *6. Their harm was traceable to the defendant Attorney General and District Attorney because "[t]he Act contemplates enforcement by the Attorney General and the District Attorney through its criminal-sanctions provision." *Id*. And the *Strange* plaintiffs' injuries would be directly redressed by "a declaration that some of the bypass provisions are unconstitutional"

2

and entry of judgment "preclud[ing] the Attorney General and the District Attorney from enforcing the unconstitutional provisions." *Id*.

The parallels to this case are clear, and in fact causation and redressability are even more straightforward here. In both cases, plaintiffs allege cognizable injury in the form of fear of prosecution. *See id*. at *5-*6; Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Opposition"), ECF No. 76 at 6-10. In both cases, the Attorney General's authority over criminal prosecutions, and superintendence over local prosecutors, caused the plaintiffs' Article III harm. *Compare Reprod. Health Servs. v. Strange*, 204 F. Supp. 3d 1300, 1318 (M.D. Ala. 2016) (Attorney General has the "statutory authority to 'superintend and direct' criminal prosecutions statewide and the responsibility to instruct the [district attorneys]"), *with* Plaintiffs' Opposition, ECF No. 76 at 12-13 (citing Florida cases establishing that Attorney General is the "principal prosecuting attorney," and Fla. Stat. § 16.08 granting Attorney General "general superintendence and direction over the several state attorneys"); *and infra* at 7-8 (discussing Attorney General's authority as principal prosecuting attorney and her role on Florida Department of Law Enforcement). In both cases, a declaration that the challenged law is unconstitutional and an injunction prohibiting its enforcement would redress the plaintiffs' injuries.

Indeed, this case presents an even more straightforward relationship between the plaintiffs' harm and the Attorney General. In *Strange*, the plaintiffs challenged portions of the amended judicial bypass procedures but did not directly challenge the sections of the Alabama law that made violation of the law a crime. *Strange*, 2021 WL 2678574, at *4-5, *10. Nonetheless, the *Strange* court found that the Attorney General's enforcement authority under the unchallenged criminal provisions was sufficient to render the Attorney General a proper defendant. *Id*. at *6, *10. In contrast, Plaintiffs in this case challenge the act as a whole and directly challenge discrete sections of HB1 that codify criminal penalties. Causation and redressability as applied to the Attorney General, who oversees the criminal prosecution functions of the State, is therefore even more direct.

Finally, the fact that the state attorneys have a role in enforcing HB1's criminal penalties does not mean that the Attorney General, who also has an enforcement role, is an improper defendant. *See* ECF No. 38 at 6 (arguing states attorneys have discretion over prosecutions). In *Strange*, the Attorney General argued without success that the presence of a third party with discretionary authority in the challenged statutory scheme defeated causation and redressability, relying in part on *Jacobson*. *See Strange*, 2021 WL 2678574, at *7. In *Strange*, the statute at issue dealt primarily with changes to judicial bypass procedures for minors who wished to obtain an abortion without parental consent. 2021 WL 2678574, at *2. The

4

Attorney General and District Attorney argued that because the statute delegated implementation of the procedures to judges, and because the judges were not party to the case, the plaintiffs could not establish redressability. *Id*. at *7. The Eleventh Circuit rejected that argument, reasoning that "there is redressability where 'it is substantially likely' 'as a practical matter' that non-parties 'would abide by an authoritative interpretation of the law, even if such parties 'would not be directly bound by such a determination.'" *Strange*, 2021 WL 2678574, at *7 (quoting *Utah v. Evans*, 536 U.S. 452, 460 (2002)). Here, it is similarly likely as a practical matter that the state attorneys would abide by the Court's "'authoritative interpretation'" of HB1 "at least insofar as that interpretation relates to whether the statute violates the United States Constitution." *Id*. (quoting *Evans*, 536 U.S. at 460). That's because state officials have no authority to enforce unconstitutional state laws. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908).

Plaintiffs thus submit that notwithstanding their withdrawal of reliance on *SWA I*, binding Eleventh Circuit precedent establishes that Plaintiffs' injuries are caused by the Attorney General and can be redressed by declaring HB1 unconstitutional and enjoining its enforcement.

## II. The Attorney General Is Not Immune

*Strange* also held that the Attorney General's enforcement authority sufficed to bring the Attorney General within the *Ex parte Young* exception to sovereign

5

immunity. *See Strange*, 2021 WL 2678574, at *10. The *Strange* court confirmed that where "a state-official defendant can enforce an allegedly unconstitutional statute, the necessary *Ex parte Young* connection exists." *Id*. The Attorney General's enforcement authority, as set forth in Plaintiffs' Opposition, ECF No. 76 at 13-16, and *infra*, brings her within the *Ex parte Young* exception. *See also id*. at 18-19 (discussing additional authority, aside from *SWA I*, for Plaintiffs' argument that the Attorney General is not immune from suit).

### III. The Facts of this Case More Closely Link the Plaintiffs' Harm to the Attorney General's Enforcement Authority than Those in *Support Working Animals*

Finally, this Court's order in *SWA II* does not compel dismissal of the Attorney General as a defendant in this case. *SWA II* was decided before the Eleventh Circuit's decision in *Strange*; this Court thus did not have the benefit of the Eleventh Circuit's reasoning when it decided *SWA II*. Moreover, this case presents a much more direct relationship between the Plaintiffs' injuries and the Attorney General's enforcement authority than the facts in *Support Working Animals* for three reasons.

*First*, the challenged Amendment in *Support Working Animals* enacted a generalized ban on a type of dog-race betting, but without any specific civil or criminal penalties. *See SWA I*, 457 F. Supp. 3d at 1203-04 (citing Fla. Const. art. X, § 32). There, the plaintiffs could only speculate as to the penalties the legislature might promulgate to support standing. *See SWA II*, ECF No. 50 at 3. By contrast,

6

HB1 defines new crimes and enacts new criminal penalties, which have already injured Plaintiffs by chilling their expressive conduct. This harm, unlike the harm in *Support Working Animals*, directly implicates the Attorney General's role as chief law enforcement officer and her attendant authorities. *See* ECF No. 1 ¶¶ 68-89 (delineating new criminal penalties enacted by HB1).

As discussed in Plaintiffs' Opposition, ECF No. 76 at 12-13, the Attorney General serves as the State's chief legal officer with broad power over the enforcement of Florida's criminal laws. *See Thompson v. Wainwright*, 714 F.2d 1495, 1500 (11th Cir. 1983) (explaining that in addition to her statutory powers, the Attorney General is charged with common law powers including "prosecuting 'all actions necessary for the protection and defense of the property and revenue of the state'" (citation omitted)); *see also United States v. Domme*, 753 F.2d 950, 957 (11th Cir. 1985) (Attorney General is Florida's "principal prosecuting attorney"). Beyond her power of "general superintendence and direction over the several state attorneys," Fla. Stat. § 16.08, the Attorney General has the sole authority to represent the State in criminal appeals, including from any conviction under HB1's criminal provisions, *see Barnes v. State*, 743 So. 2d 1105, 1112 (Fla. 4th Dist. Ct. App. 1999) ("Section 16.01 unambiguously authorizes only the Attorney General to represent the state in the appellate courts of this state.").

Additionally, as a member of the Florida cabinet, the Attorney General along with Governor DeSantis and other cabinet members "constitute the agency head of the [Florida] Department of Law Enforcement" ("FDLE"). Fla. Const. art. IV, § 4(g); *see* Fla. Stat. § 20.201. Among other things, FDLE is empowered to "exercise [] the state police power for the protection of the welfare, health, peace, safety, and morals of the people"—power that "shall be liberally construed." Fla. Stat. § 943.03(7). The FDLE has been involved in policing at least one recent racial-justice protest that is of the kind that are core to Plaintiffs' missions, but from which Plaintiffs have refrained from hosting and participating in since the enactment of HB1. *See* Kacey Johnson, *In DeSantis' Florida, the Tally 19 face an uphill battle for justice*, Facing South (June 4, 2021), https://www.facingsouth.org/2021/06/voices-desantis-florida-tally-19-face-uphill-battle-justice.

*Second*, as previously set forth, unlike the harm pleaded in *Support Working Animals*, involving economic loss from being precluded from carrying on with plaintiffs' businesses under the amendment, Plaintiffs' harm arises in part from self-censorship that they have endured for fear of enforcement of HB1. *See* Plaintiffs' Opposition, ECF No. 76 at 6-10; *see also* ECF No. 1 ¶¶ 24-25, 32, 34. Although they have not yet suffered the harm of direct enforcement, Plaintiffs have refrained from expressive activity to avoid the myriad ways in which they could suffer enforcement of HB1. *See id*. That harm implicates all state and local officials with enforcement

authority under the Act, including the Attorney General. *See Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1260 & n.5 (11th Cir. 2012) (where Governor had "sufficient, albeit indirect" enforcement authority and plaintiffs' injuries would be redressed by enjoining the challenged law, causation and redressability were satisfied in pre-enforcement challenge); *see also Am. C.L. Union v. Fla. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) ("[W]hen a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule."); *N.Y. State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 11 (1988) (noting that standing on self-censorship theory is justified "by the recognition that free expression may be inhibited almost as easily by the potential or threatened use of power as by the actual exercise of that power").

That the Attorney General has a role in future enforcement of HB1 is undeniable. As discussed *supra* at 7-8, her office has a role in the enforcement of criminal laws from arrest through the appeal of a criminal conviction.

*Third*, unlike in *Support Working Animals*, HB1 explicitly contemplates enforcement by the Attorney General. HB1 Section 1 creates a new appeal system for challenging municipal proposals to decrease local law enforcement budgets. ECF No. 1 ¶ 92. Under this system, the state attorney or a municipal government agent may submit appeals to the Administration Commission (the "Commission") within

30 days after the publication of a covered municipal budget proposal. *Id.* Attorney General Moody and Governor DeSantis are both current members of the Commission, which is part of the Executive Office of the Governor. *See* Fla. Stat. § 14.202; Fla. Const. art. IV, § IV.

Section 1 also requires the Executive Office of the Governor to hold a budget hearing as part of the appeal process, and issue recommendations to the Commission, which has 30 days to approve, amend or modify the budget proposal. ECF No. 1 ¶ 93. Significantly, the Commission has the authority to hear appeals only for municipal proposals to *decrease*—not increase—local law enforcement budgets. *Id.* ¶ 94.

Plaintiffs' First Amendment injuries are directly traceable to the authority given to Attorney General Moody and Governor DeSantis through the Commission. Because the Commission's authority under Section 1 adds administrative and logistical hurdles to proposals to reduce law enforcement budgets, Plaintiffs are refraining from advocating for such proposals. *See id.* ¶¶ 24-25, 32, 34. Section 1 injures Plaintiffs not only through this self-censorship, but also, through the frustration of Plaintiffs' missions to advocate for racial justice and police accountability in the form of diverting funding from police departments to other social services. *See id.* ¶¶ 14, 18, 23, 28, 32; *Namphy v. DeSantis*, 493 F. Supp. 3d

10

1130, 1138 (N.D. Fla. 2020) (Walker, C.J.) (injury in fact occurs where challenged conduct impedes plaintiff organization's ability to fulfill its purposes).

\*\*\*

For these reasons, and notwithstanding the Court's order in *SWA II*, the Plaintiffs have satisfied the traceability and redressability elements of standing as they relate to the Attorney General and have established that the Attorney General is not immune from suit.

Dated:  July 28, 2021

Respectfully submitted,

*/s/ Georgina C. Yeomans*
Georgina C. Yeomans

**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**

*/s/ Rachel M. Kleinman*
Rachel M. Kleinman\*
rkleinman@naacpldf.org
Morenike Fajana\*
mfajana@naacpldf.org
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-3709
Facsimile: (212) 226-7592
-and-
Georgina C. Yeomans\*
gyeomans@naacpldf.org
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-2721
Facsimile: (202) 682-1312

**COMMUNITY JUSTICE PROJECT, INC.**

*/s/ Alana Greer*
Alana Greer
Florida Bar No. 92423
alana@communityjusticeproject.com
Berbeth Foster
Florida Bar No. 83375
berbeth@communityjusticeproject.com
Denise Ghartey
Florida Bar No. 1019211
denise@communityjusticeproject.com
Miriam Haskell
Florida Bar No. 069033
miriam@communityjusticeproject.com
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
Telephone: (305) 907-7697

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA, INC.** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| */s/ Anya A. Marino* <br> Anya A. Marino <br> Florida Bar No. 1021406 <br> amarino@aclufl.org <br> Max H. Gaston* <br> mgaston@aclufl.org <br> Daniel B. Tilley <br> Florida Bar No. 102882 <br> dtilley@aclufl.org <br> Nicholas Warren <br> Florida Bar No. 1019018 <br> nwarren@aclufl.org <br> 4343 West Flagler Street, Suite 400 <br> Miami, Florida 33134 <br> Telephone: (786) 363-2700 <br> Telephone: (786) 363-2707 | */s/ Joseph L. Sorkin* <br> Joseph L. Sorkin* <br> jsorkin@akingump.com <br> Anne M. Evans** <br> aevans@akingump.com <br> Erica E. Holland* <br> eholland@akingump.com <br> One Bryant Park <br> New York, New York 10036 <br> Telephone: (212) 872-1000 <br> Facsimile: (212) 872-1002 <br> -and- <br> Steven H. Schulman* <br> sschulman@akingump.com <br> James E. Tysse* <br> jtysse@akingump.com <br> Caroline L. Wolverton** <br> cwolverton@akingump.com <br> Robert S. Strauss Tower <br> 2001 K Street N.W. <br> Washington, D.C. 20006 <br> Telephone: (202) 887-4000 <br> Facsimile: (202) 887-4288 <br> -and- <br> Nicholas E. Petree* <br> npetree@akingump.com <br> 1111 Louisiana Street, 44th Floor <br> Houston, Texas 77002-5200 <br> Telephone: (713) 220-5800 <br> Facsimile: (713) 236-0822 <br><br> *Admitted pro hac vice* <br> *\*\* Pro Hac Vice Applications to be filed* <br><br> *Counsel for Plaintiffs* |

## LOCAL RULE 7.1(F) CERTIFICATION

The foregoing Supplemental Brief contains 2,318 words, excluding the case caption, signature block, this certification, and the certificate of service.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on July 28, 2021.

*/s/ Georgina C. Yeomans*
Georgina C. Yeomans

*Attorney for Plaintiffs*