IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THE DREAM DEFENDERS, et al.,**

   *Plaintiffs*,

v.   Case No.: 4:21cv191-MW/MAF

**RON DESANTIS, in his official
capacity as Governor of the
State of Florida, et. al.,**

   *Defendants*.
_____/

## ORDER GRANTING LIMITED MOTION TO INTERVENE

This Court has considered, without hearing, Attorney General Ashley Moody's motion to intervene, ECF No. 140. Attorney General Moody seeks to intervene for the limited purpose of defending the constitutionality of section 316.2045, Florida Statutes (2021), as amended by section 2 of HB1. She asserts she is only seeking to intervene for this limited purpose "because she is already defending [the remaining provisions at issue] on behalf of the Governor." ECF No. 140 at 2. She cites two notices of appearance on behalf of Governor DeSantis filed simultaneously with her motion to intervene on September 15, 2021. *See* ECF Nos. 138 & 139.

To be sure, lawyers from Attorney General Moody's office have now appeared on behalf of Governor DeSantis following the hearing on Plaintiffs' motion

for preliminary injunction. Although Attorney General Moody previously stated that she intended "to offer a robust defense of the statute," in her motion to dismiss, ECF No. 38 at 7 n.2, Attorney General Moody never sought to intervene to defend the constitutionality of section 870.01(2), Florida Statutes (2021), nor does her pending motion seek such relief. Accordingly, she is not considered an intervenor as to the legal defense her office's lawyers are now providing on behalf of Governor DeSantis. *See Bondi v. Tucker*, 93 So. 3d 1106, 1107 (Fla. 1st DCA 2012) (noting that while the Attorney General's office provided counsel for the Department of Corrections at the trial level, she never sought to intervene and had no right to appeal an adverse judgment under Florida law).

Here, no party objects to Attorney General Moody's intervention as of right in this action for the asserted purpose of defending the constitutionality of section 316.2045, Florida Statutes (2021), pursuant to 28 U.S.C. § 2403(b). Section 2403(b) provides, in part, that intervention is appropriate "[i]n any action . . . to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn into question[.]" 28 U.S.C. § 2403(b). But here, as this Court has already found, the Defendant Sheriffs have been sued as "state officials" with respect to their state-law function of enforcing Florida's anti-riot laws. Accordingly, three "state officers" are already parties to this action and intervention pursuant to section 2403(b) is not

appropriate.

Attorney General Moody also seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit has translated the rule into a four-factor requirement— (1) the application must be timely, (2) the proposed intervenors must have an "interest relating to the property or transaction which is the subject of the action," (3) the proposed intervenors must be "so situated that the disposition of the action, as a practical matter, may impede [their] ability to protect that interest"; and (4) their interest must be "represented inadequately by the existing parties to the suit." *Stones v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citations omitted).

Attorney General Moody asserts she has an interest in "the enforceability of Florida's laws." ECF No. 140 at 7. Although she claims that the Defendant Sheriffs cannot adequately represent her interest in ensuring the enforceability of Florida's laws, this Court need not decide whether Attorney General Moody can intervene as of right. This is so because a district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

This Court exercises its discretion in granting Attorney General Moody's motion. In doing so, this Court "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). First, this Court has not yet considered the statute that Attorney General Moody seeks to defend. Adding one more defendant is unlikely to cause additional or significant delay. Indeed, Plaintiffs do not oppose intervention, although Plaintiffs' agreement to intervention is limited to other grounds.

Given the absence of objections to intervention to defend the constitutionality of section 316.2045, Attorney General Moody's motion, ECF No. 140, is **GRANTED**. This Court is not artificially limiting the defense that Attorney General Moody seeks to present as an intervenor in this case. Instead, this Court is granting her requested relief, which Attorney General Moody limited to intervening only for the purpose of defending the constitutionality of section 316.2045, Florida Statutes (2021). Attorney General Moody shall file her Answer as a separate docket entry on or before Friday, September 17, 2021.

**SO ORDERED on September 16, 2021.**

s/Mark E. Walker              
**Chief United States District Judge**
