## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

THE DREAM DEFENDERS; THE
BLACK COLLECTIVE, INC., et al.

      Plaintiffs,

v.                                 Case No.: 4:21-CV-191

RON DESANTIS, in his official capacity as
Governor of the State of Florida, et al.,

      Defendants.

_____/

## ATTORNEY GENERAL ASHLEY MOODY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Intervener-Defendant, Attorney General Ashley Moody in her official capacity as the Attorney General for the State of Florida, hereby files her answer and affirmative defenses to the Plaintiffs' Complaint filed May 11, 2021, as follows:

### INTRODUCTION

1.     Admitted that Florida enacted the Combatting Public Disorder Act. The remaining allegations are denied.

2.     Attorney General Moody is without sufficient knowledge to admit or deny Plaintiffs' characterization of their fears. This paragraph contains legal conclusions that do not require a response. The remaining allegations are denied.

3.     The Act speaks for itself, the remaining allegations are denied.

4.     The Act speaks for itself. The statements made by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements are denied.  The remainder of the allegation are denied.

5.     Denied.

6.     Denied.

## JURISDICTION AND VENUE

7.     This paragraph contains legal conclusions that do not require a response.

8.     This paragraph contains legal conclusions that do not require a response.

9.     Admit that venue is proper. Admit that Defendants Governor DeSantis, Sheriff Williams, Sheriff McNeil and Sheriff Tony are sued in their official capacity.   Attorney General Moody was previously dismissed. This paragraph contains legal conclusions that do not require a response.

## THE PARTIES

10.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

11.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

12.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

13.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

14.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

15.      Attorney General Moody is without sufficient knowledge to admit or deny the allegations in this paragraph.

16.     Attorney General Moody is without sufficient knowledge as to admit or deny the allegations in this paragraph.

17.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

18.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

19.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

20.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

21.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

22.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

23.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

24.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

25.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

26.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

27.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

28.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

29.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

30.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

31.   Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

32.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

33.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

34.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

35.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

36.     Admitted the Governor DeSantis is Governor of the State of Florida and is sued in his official capacity. The Florida Constitution speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response. Any remaining allegations are denied.

37.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

38.     Admitted that Attorney General Moody is the Attorney General of the State of Florida and that she was sued in her official capacity.  Attorney General Moody was dismissed from the lawsuit. (ECF 90). The Florida Constitution speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.  Any remaining allegations are denied.

39.    The Florida Constitution speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response.

40.    Admitted that Sheriff McNeil is the Sheriff of Leon County and is sued in his official capacity. The Florida statutes speak for themselves and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response.    Any remaining allegations are denied.

41.    Admitted that Sheriff Williams is the Sheriff of Duval County and is sued in his official capacity. The Florida statutes speak for themselves and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response.    Any remaining allegations are denied.

42.    Admitted that Sheriff Tony is the Sheriff of Broward County and is sued in his official capacity. The Florida statutes speak for themselves and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response.    Any remaining allegations are denied.

43.     Admit that Mr. Floyd was killed. Attorney General Moody is without sufficient information to admit or deny the details provided that relate to this incident.

44.     Admit that Ms. Taylor was killed. Attorney General Moody is without sufficient information to admit or deny the details provided that relate to this incident.

45.     Admit that there were protests after the death of Ms. Floyd and Ms. Taylor, otherwise denied.

46.     Attorney General Moody is without sufficient information to admit of deny this allegation.

47.     Admit that there were demonstrations in Tallahassee and other cities; denied that all demonstrations were peaceful.  Attorney General Moody is without sufficient information to admit or deny the remaining allegations.

48.     Attorney General Moody does not possess sufficient information to admit or deny the allegations in this paragraph.

49.     Attorney General Moody does not have sufficient information to admit or deny the allegations regarding Plaintiffs' subjective fears. The remaining allegations are denied.

50.     Attorney General Moody is without sufficient knowledge as to the allegations.

7

51.     Attorney General Moody does not possess sufficient information to admit or deny the allegations.

52.     Attorney General Moody does not possess sufficient information to admit or deny the allegations.

53.     Attorney General Moody does not possess sufficient information to admit or deny the allegations.

54.     Denied.

## II. GOVERNOR DESANTIS PROPOSED LEGISLATION IN SEPTEMBER 2020 IN DIRECT RESPONSE TO RACIAL JUSTICE PROTESTS.

55.     The statements of Governor DeSantis and other government officials about the Act speak for themselves. The remaining allegations are denied.

56.     Admit that Governor DeSantis held a press conference on September 21, 2020, discussing the Act.   His statements speak for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

57.     Any statements made by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

58.     Any statements made by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

59.     Any statements made by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

60.     Any statements made by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

61.     Any statements made by Governor DeSantis, Wilton Simpson, and Chris Sprowls speaks for themselves and Plaintiffs' characterization of those statements is denied. Any remaining allegations are denied.

62.     Denied.

63.     Any statements made by Colonel Holmes speak for themselves. Attorney General Moody is without sufficient information to admit or deny the remaining allegations.

64.     Admit that Governor DeSantis activated the Florida National Guard on approximately May 30, 2020.  Attorney General Moody denies the characterization of law enforcement's actions. Attorney General Moody is without sufficient information to admit or deny the remaining allegations.

9

65.    Attorney General Moody does not possess sufficient information to admit or deny the allegations.

66.    Attorney General Moody does not possess sufficient information to admit or deny the allegations.

### III. KEY PROVISIONS OF THE ACT

67.    The Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

**Section 15: Riots and Inciting a Riot.**

68.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

69.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

70.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is

required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

71.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

72.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions that do not require a response. Any remaining allegations are denied.

73.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is required, this paragraph contains legal conclusions that do not require a response. Any remaining allegations are denied.

74.    Attorney General Moody is not intervening to provide a defense to Section 15 of the Act therefore no response is required. To the extent a response is

required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. Any remaining allegations are denied.

### Section 2: Obstruction of Public Streets, Highways, and Roads

75.     The Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. Otherwise, denied.

76.     The Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. Otherwise, denied.

77.     Attorney General Moody does not have sufficient information to admit of deny the allegations regarding Plaintiffs' subjective fears. Otherwise, denied.

**Section 16: Breach of the Peace:**

78.     Attorney General Moody is not intervening to provide a defense to Section 16 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

79.   Attorney General Moody is not intervening to provide a defense to Section 16 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.  Any remaining allegation is denied.

80.   Attorney General Moody is not intervening to provide a defense to Section 16 of the Act therefore no response is required. To the extent a response is required, this paragraph contains legal conclusions that do not require a response. Any remaining allegations are denied.

**Section 8: Mob Intimidation**

81.   Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

82.   Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

83.     Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

84.     Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

85.     Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states any statements by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied.

86.     Attorney General Moody is not intervening to provide a defense to Section 8 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states this paragraph contains a legal conclusion to which a response is not required.  Any remaining allegations are denied.

**Section 14: Cyber Intimidation by Publication.**

87.    Attorney General Moody is not intervening to provide a defense to Section 14 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

88.    Attorney General Moody is not intervening to provide a defense to Section 14 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states this paragraph contains legal conclusions for which no response is required. Any remaining allegation is denied.

89.    Attorney General Moody is not intervening to provide a defense to Section 14 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states this paragraph contains legal conclusions for which no response is required. Any remaining allegation is denied.

**Section 18: Affirmative Defense in Civil Action.**

90.    Attorney General Moody is not intervening to provide a defense to Section 18 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

91.    Attorney General Moody is not intervening to provide a defense to Section 18 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

**Section 1: Appeal of Municipal Law Enforcement Agency Budget.**

92.    Attorney General Moody is not intervening to provide a defense to Section 1 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

93.    Attorney General Moody is not intervening to provide a defense to Section 1 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

94.    Attorney General Moody is not intervening to provide a defense to Section 14 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any

allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

**Section 3: Waiver of Sovereign Immunity.**

95.     Attorney General Moody is not intervening to provide a defense to Section 3 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

96.     Attorney General Moody is not intervening to provide a defense to Section 3 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied.

97.     Attorney General Moody is not intervening to provide a defense to Section 3 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. Any remaining allegations are denied.

98.     Attorney General Moody is not intervening to provide a defense to Section 3 of the Act therefore no response is required. To the extent a response is

required, Attorney General Moody states the Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusion to which no response is required. Any remaining allegations are denied.

99.    Attorney General Moody is not intervening to provide a defense to Section 3 of the Act therefore no response is required. To the extent a response is required, Attorney General Moody states this paragraph contains legal conclusion to which no response is required. Any remaining allegations are denied.

## IV. THE FLORIDA LEGISLATURE WAS MOTIVATED, AT LEAST IN PART, BY A RACIALY DISCRIMINATORY PURPOSE AND WAS AWARE OF THE LIKELY DISCRIMINATORY IMPACT OF THE ACT.

100.   Attorney General Moody does not have sufficient information to admit or deny this request.

101.   The Act's legislative history and public statements by state legislators and community members speaks for themselves.  This paragraph contains legal conclusions that do not require a response.

102.   Attorney General Moody is without sufficient information to admit or deny the allegations.

103.   The Act's legislative history and public statements by community members speaks for themselves.  Otherwise, denied.

104.   Attorney General Moody is without sufficient information to admit or deny the allegations.

105.   Attorney General Moody is without sufficient information to admit or deny the allegations.

106.   The Act's legislative history and public statements by state legislators speaks for themselves.  Any remaining allegations are denied.

107.   The Act's legislative history speaks for itself.  Any remaining allegations are denied.

## V. EXISTING FLORIDA LAW ALREADY IN EFFECT PRIOR TO HB 1 ALREADY PROSCRIBES THE UNLAWFUL ACTIONS OUTLAWED IN THE ACT.

108.   Attorney General Moody is without sufficient information to admit or deny the allegations.

109.   The Florida Statutes speaks for themselves and any allegations contrary to the plain language, meaning, and context of the referenced statutes are denied.

110.   The Florida law speaks for themselves and any allegations contrary to the plain language, meaning, and context of the referenced statutes are denied.

111.   Any statements by Andrew Warren speak for themselves. Attorney General Moody is without sufficient information to admit or deny the remaining allegations.

112.   Any statements by David Holmes speak for themselves. Any remaining allegations are denied.

## VI. THE UNUSUAL EVENTS LEADING UP TO THE HURRIED CONSIDERATION AND PASSAGE OF THE ACT

113.   The Act's legislative history speaks for itself and the characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

114.   The Act's legislative history speaks for itself.

115.   The Act's legislative history speaks for itself and the characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

116.   The Act's legislative history speaks for itself and this characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

117.   The Act's legislative history speaks for itself and this characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

118.   The Act's legislative history speaks for itself and this characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

119.   The Act's legislative history speaks for itself and this characterization of that history is denied.  This paragraph contains legal conclusions that do not require a response.

120.   Any statements by Governor DeSantis speak for themselves and Plaintiffs' characterization of those statements is denied.

## CLAIMS FOR RELIEF

## COUNT 1 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983) RACIALLY DISCRIMINATORY PURPOSE

121.   Attorney General Moody re-alleges her responses to paragraphs 1-120 as if fully stated herein.

122.   The Constitution speaks for itself.

123.   This paragraph contains a legal conclusion for which a response is not required.

124.   This paragraph contains a legal conclusion for which a response is not required.

125.   This paragraph contains a legal conclusion for which a response is not required.

126.   This paragraph contains a legal conclusion for which a response is not required.

127.   This paragraph contains a legal conclusion for which a response is not required. Otherwise, denied.

128.   This paragraph contains a legal conclusion for which a response is not required. Otherwise, denied.

129.   This paragraph contains a legal conclusion for which a response is not required. Otherwise, denied.

130.   This paragraph contains a legal conclusion for which a response is not required. Otherwise, denied.

131.   This paragraph contains a legal conclusion for which a response is not required. The AG was dismissed as a Defendant. (ECF 90).

132.   Denied.

133.   Denied.

## COUNT 2 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983) TARGETING RACIAL JUSTICE ADVOCACY

134.   Attorney General Moody re-alleges her responses to paragraphs 1-120 as if fully stated herein.

135.   This paragraph contains a legal conclusion for which a response is not required.

136.   This paragraph contains a legal conclusion for which a response is not required.

137.   Any statements by Governor DeSantis, President Simpson, and Speaker Sprowls speak for themselves and Plaintiffs' characterization of those statements is denied.

138.   The Act's legislative history speaks for itself and this characterization of that history is denied.  Otherwise, denied.

139.   This paragraph contains a legal conclusion to which a response is not required. Otherwise, denied.

140.   This paragraph contains a legal conclusion to which a response is not required. Otherwise, denied.

141.   This paragraph contains a legal conclusion to which a response is not required. Otherwise, denied.

142.   This paragraph contains a legal conclusion for which a response is not required. The Attorney General is no longer a Defendant in this action. (ECF 90).

143.   Denied.

144.   Denied.

## COUNT 3 – VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

145.   Attorney General Moody re-alleges her responses to paragraphs 1-120 as if fully stated herein.

146.   The Constitution speaks for itself.

147.   Denied.

148.   This paragraph contains a legal conclusion to which a response is not required. Otherwise, denied.

149.   This paragraph contains legal conclusions for which a response is not required. Otherwise, denied.

150.   Attorney General Moody is not intervening to provide a defense to the Sections referenced in this paragraph therefore no response is required. To the extent a response is required, denied.

151.   Attorney General Moody is not intervening to provide a defense to Section 8 and Plaintiffs' claims as to Section 8 have been dismissed therefore no response is required. To the extent a response is required, denied.

152.   Attorney General Moody is not intervening to provide a defense to Section 8 and Plaintiffs' claims as to Section 8 have been dismissed therefore no response is required. To the extent a response is required, denied.

153.   Attorney General Moody is not intervening to provide a defense to Section 15 therefore no response as to the allegations related to Section 15 is

required.   To the extent a response is required, denied. The allegations as to Section 2 are denied.

154.   The Act speaks for itself and any allegations contrary to the plain language, meaning, and context of the referenced sections are denied. This paragraph contains legal conclusions for which a response is not required. Otherwise, denied.

155.   Attorney General Moody is not intervening to provide a defense to Section 14 and Plaintiffs' claims as to Section 14 have been dismissed therefore no response is required. To the extent a response is required, denied.

156.   Attorney General Moody is not intervening to provide a defense to Section 14 and Plaintiffs' claims as to Section 14 have been dismissed therefore no response is required. To the extent a response is required, denied.

157.   Attorney General Moody is not intervening to provide a defense to Section 14 and Plaintiffs' claims as to Section 14 have been dismissed therefore no response is required. To the extent a response is required, denied.

158.   Attorney General Moody is not intervening to provide a defense to Section 14 and Plaintiffs' claims as to Section 14 have been dismissed therefore no response is required. To the extent a response is required, denied.

159.   Attorney General Moody is not intervening to provide a defense to Section 14 and Plaintiffs' claims as to Section 14 have been dismissed therefore no response is required. To the extent a response is required, denied.

160.   Denied.

161.   This paragraph contains a legal conclusion for which a response is not required. The Attorney General is no longer a Defendant in this action. (ECF 90)

162.   Denied.

163.   Denied.

## COUNT 4 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

164.   Attorney General Moody re-alleges her responses to paragraphs 1-120 as if fully stated herein.

165.   The Constitution speaks for itself.

166.   This paragraph contains a legal conclusion to which a response is not required.

167.   Denied.

168.   Attorney General Moody is not intervening to provide a defense to Section 15 therefore no response as to the allegations related to Section 15 is required.  To the extent a response is required, denied.

169.   Attorney General Moody is not intervening to provide a defense to Section 15 therefore no response as to the allegations related to Section 15 is required.  To the extent a response is required, denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   This paragraph contains a legal conclusion for which a response is not required. The Attorney General is no longer a Defendant in this action.  (ECF 90)

174.   Denied.

175.   Denied.

## PRAYER FOR RELIEF

To the extent a response is required as to the Prayer for Relief, Attorney General Moody denies that Plaintiffs are entitled to any relief.

## DEFENSES

Florida Attorney General Ashley Moody states below the affirmative and other defenses. By stating these defenses, The Attorney General does not assume the burden of proof on any issue, fact, or element of a claim as to which applicable law places the burden on the plaintiffs. In addition, the department specifically and expressly reserves the right to amend these defenses, or to add additional defenses,

based upon legal theories, facts, or circumstances that may be discovered and/or further legal analysis of plaintiffs' positions in this litigation.

1.     The Complaint fails to state a claim upon which relief can be granted as to Section 2 of the Act.

2.     The Court lacks subject matter jurisdiction to consider Plaintiffs' claims as to Section 2 for lack of organizational and associational standing.  As to both organizational and associational standing, Plaintiffs fail to meet the injury-in-fact, traceability and redressability prongs of the standing analysis. The action is further not ripe for review.

3.     Under the Pullman Abstention doctrine, the court should abstain from deciding the claims as to Section 2 until Florida courts have interpreted the Act. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ *Anita J. Patel*
Anita J. Patel (FBN 0070214)
Senior Assistant Attorney General
Anita.Patel@myfloridalegal.com
ComplexLitigation.eservice@myfloridalegal.com

Karen Brodeen (FBN 512771)
Special Counsel
Karen.Brodeen@myfloridalegal.com

Office of the Attorney General
PL-01 The Capitol

Tallahassee, FL 32399-1050
850-414-3300

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of September 2021 a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ *Anita J. Patel*
Anita J. Patel