# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

THE DREAM DEFENDERS, et al.,

     Plaintiffs,

v.                          Case No.: 4:21-CV-00191-MAF

RON DESANTIS, in his official
capacity as Governor of the State
of Florida, et al.,

     Defendants.

_____/

## DEFENDANT SHERIFF MIKE WILLIAMS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Defendant, Sheriff Mike Williams, in his official capacity,[1] submits

this response to Plaintiffs' Motion for Entry of Confidentiality Order, Doc.

160 (Motion).  In the Motion, Plaintiffs accurately note that the City of

---

[1] The law treats a claim against the Sheriff in his official capacity as a claim against the governmental entity he represents, here the City of Jacksonville. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020) (citing *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 690 n.55 (1978)).  For clarity, references herein to Sheriff Williams and the City are one and the same unless otherwise noted, and are used interchangeably as the context warrants.

Jacksonville (City) is not entirely opposed to Plaintiffs' proposed order of confidentiality.  Nor should he be, as many of Plaintiffs' requests align with existing federal and state directives regarding confidentiality.  The City cannot consent, however, to Plaintiffs' requests regarding the destruction and/or return of discovery at the close of litigation and the redaction of information not otherwise deemed protected by state and federal law.  *See* Doc. 160-1 at 6-7 (Proposed Confidentiality Order).  The Sheriff would have to violate existing state public records law to accede to Plaintiffs' requests, which the Sheriff will not do.  Plaintiffs also request that their respective membership lists be treated as confidential. *Id.* at 1.  This request, however, extends beyond what federal and state law requires, and Plaintiffs have failed to adequately argue why a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) is appropriate here.  Of course, the City will comply with any order this Court issues on the matter.  Nonetheless, because Sheriff Williams cannot agree outright to violate Florida public records laws, the City opposes Plaintiffs' Motion.

## MEMORANDUM OF LAW

**I.    Florida's public records laws do not permit the Sheriff to agree to return and/or destroy Plaintiffs' produced discovery at the close of litigation.**

Rule 26(c)(1) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).  Plaintiffs request the Court enter a protective order deeming confidential a variety of information contained in their produced discovery, requiring in part that such information be redacted, and that within sixty days of the conclusion of this case, the receiving party shall return to the serving party all materials containing confidential information, or otherwise destroy the same.  Proposed Confidentiality Order at 6-7.  The City disagrees with Plaintiffs' contention that their membership lists should be treated as confidential.   Nor can Sheriff Williams agree to Plaintiffs' request regarding the destruction or return of discovery at the close of litigation.  Doing so would represent an agreement to violate existing state law regarding the retention of public records.  Absent a court order directing otherwise, the Sheriff will not act contrary to what is required by Florida

law.  *Mata Chorwadi, Inc. v. City of Boynton Beach*, 2020 WL 2516979, at *3 (S.D. Fla. May 18, 2020) ("a federal court order issued pursuant to Rule 26 to prevent the disclosure of documents renders any state statute or regulation to the contrary void pursuant to the Supremacy Clause"); *United States v. Napper*, 694 F. Supp. 897, 901 (N.D. Ga. 1988) (acknowledging that the Supremacy Clause mandates that a federal court order supersedes any requirements imposed by the state).

Florida's public record laws are robust, enshrined in both its constitution and legislative enactments.   The Florida Constitution commands that

> [e]very person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.

FLA. CONST. art I, § 24(a).  This language is self-executing, and only the legislature is permitted to create exceptions or exemptions.  *Id.* at § 24(c);

*see also Bd. of Cty. Comm'rs of Palm Beach Cty. v. D.B.*, 784 So. 2d 585, 591 (Fla. Dist. Ct. App. 2001) ("Courts cannot judicially create any exceptions or exclusions to Florida's Public Records Act.").  The Florida Constitution further directs that the "legislature shall enact laws governing the enforcement of this section, including the maintenance, control, destruction, disposal, and disposition of records made public by this section . . . ." FLA. CONST. art. I, § 24(c).  Flowing from this edict, Florida statutes direct that the "Division of Library and Information Services of the Department of State shall adopt rules to establish retention schedules and a disposal process for public records.  Each agency shall comply with the rules establishing retention schedules and disposal processes for public records . . . ." FLA. STAT. ANN. § 119.021(2)(a)-(b).  As such, outside of designated record retention schedules, Florida law does not permit government agencies to destroy or remove records that are otherwise deemed public.  Therefore, without a court order instructing otherwise, the City cannot agree to Plaintiffs' request to dispose of, or return the records they may produce during discovery.

## II. Plaintiffs' membership lists, which have been neither requested nor produced, are not entitled to be confidential in this matter.

Plaintiffs also request that the Court designate some of their discovery production as confidential and therefore subject to various restraints prior to any filing with the Court or disclosure to outside individuals. Plaintiffs define as "confidential information"

> (i) "personal information" [including] . . . individual names accompanied by social security numbers, driver's license numbers or other similar numbers issued on a government document used to verify identity, and financial account numbers; (ii) organization member lists; (iii) information that could identify minors; and (iv) non-public personal contact information such as home addresses, phone numbers, and personal email addresses of individual members of Plaintiffs or other organizations.

Motion at 3. As to Plaintiffs' four groups of identified confidential information, the City agrees that the information contained in categories one, three, and four are appropriately deemed as confidential. Indeed, and as discussed below, the law directs as much. However, Plaintiffs' request to treat their membership lists as confidential again places the City in the position of agreeing to something that is otherwise not permitted by Florida law.

Florida's records laws do not include organizational membership lists among those categories of records exempt or excluded from disclosure. Hence, the Sheriff cannot accede to Plaintiffs' request to treat any produced membership lists as confidential and thus exempt from disclosure pursuant to any public records request. Additionally, the cases Plaintiffs cite in support of their argument do not advance their position.

Plaintiffs contend that their membership lists "are protected by First and Fourteenth Amendment associational privacy principles," citing to *Nat'l Ass'n for Advancement of Colored People v. State of Ala. Ex rel. Patterson*, 357 U.S. 449 (1958) (*NAACP v. Alabama*), and a collection of cases which have in turn, relied on the same. *See* Motion at 4-5 (citing *Americans for Prosperity Found. v. Bonta*, 141 S.Ct. 2373 (2021); *Occupy Fort Meyers v. City of Fort Meyers*, No. 2:11-cv-608-FtM-29DNF, 2012 WL 13114400, at *1 (M.D. Fla. Sept. 5, 2012); *United States v. Greenpeace, Inc.*, 314 F. Supp. 3d 1252 (S.D. Fla. 2004); *Nat'l Rifle Ass'n of Am., Inc. v. City of S. Miami*, 774 So. 2d 815 (Fla. 3d Dist. Ct. App. 2000)). Plaintiffs' citation to and gloss of these cases is superficial. Upon further review, Plaintiffs' supporting cases are inapposite from the

present controversy, and the Plaintiffs' interpretation of the same distorts the cases' actual limited holdings.

For example, in *NAACP v. Alabama*, the state brought an action against the NAACP in an effort to enjoin the organization from engaging in any activities in the state and to expel the organization from Alabama's borders. 357 U.S. at 452. The State further sought to compel the organization to disclose the names and addresses of all its Alabama members and agents, regardless of those individuals' positions or functions within the organization. *Id.* at 451. None of that is true in the instant case.

In the present matter, it is the Plaintiff organizations who have brought suit against various governmental entities, doing so on behalf of themselves and their individual members. *See* Doc. 1 at ¶¶ 121, 134, 145, 164 (Complaint). Additionally, Sheriff Williams has not sought to compel Plaintiffs to disclose their membership lists, or requested any discovery from Plaintiffs in any manner. Similarly, no other defendants in the action have sought to compel Plaintiffs to disclose their membership lists. Therefore, while *NAACP v. Alabama* may emphasize that compelled

disclosure of membership lists can trigger concerns regarding the First Amendment right of association, none of the predicate facts at issue in *NAACP v. Alabama* are present in the instant litigation.  The same is true of Plaintiffs' other cited cases.  *See Americans for Prosperity Found.*, 141 S.Ct. at 2379-2381 (addressing compelled disclosure, via statute, of organization's membership lists); *Occupy Fort Meyers*, 2012 WL 13114400, at *1 (addressing compelled disclosure, via interrogatories, of non-party individuals included in organization's membership lists); *Nat'l Rifle Ass'n of Am., Inc. v. City of S. Miami*, 774 So. 2d at 816 (addressing issue in the context of not disclosing the addresses of people who lawfully owned guns, without prohibiting further investigation of standing issues).  *See also Greenpeace, Inc.*, 314 F. Supp. 2d at 1262-63 (court noting in dicta that should a variety of yet unrealized contingencies come into play, thereby resulting in the examination of the organization's records, the court would "impose limitations on any disclosure requirements consistent with" *NAACP v. Alabama*).  Plaintiffs' cited cases may support the proposition that the compelled and un-cabined production of membership lists may run afoul of First Amendment

Associational principles.  The cases, however, cannot be stretched so far to support Plaintiffs' contention that in all instances membership lists must be treated as confidential and shielded from disclosure, while Plaintiffs simultaneously make no showing whatsoever that disclosing the names of some of their members would have a deterrent effect on the right of their members to associate.  For example, the City would have the right to investigate the extent to which there is evidence that the Northside Coalition's members have refrained from protesting because of HB1, assuming the organization's representative, Ben Frazier, makes that claim in his deposition.  The City should also have the ability to confirm whether any of Northside Coalition's members have been arrested for protest activities.  Accomplishing this goal, however, would be rather difficult if the City has no knowledge of whether an arrested individual is a member of the organization.

In sum, the City cannot agree to Plaintiffs' request that it treat any membership records Plaintiffs may produce in the course of discovery as confidential and subject to restraints prior to disclosure.  Florida law does not permit the Sheriff independently to adopt the position as advanced

by Plaintiffs, nor does the case law presented by Plaintiffs support their

argument for the same.

### III.   Federal and Florida law provide for the confidentiality of much of the information at issue without the necessity of entering a court order to protect it.

Plaintiffs' other confidentiality requests are unnecessary. Federal,

as well as Florida law, designates as confidential – or otherwise private

– much of what Plaintiffs are seeking to protect in their Motion before

the Court. Federal Rule 5.2 guides that

> [u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and
> > (4) the last four digits of the financial-account number.

FED. R. CIV. P. 5.2(a). Likewise, Florida law deems as "personal

information," and therefore protected from exposure,

> a. An individual's first name or first initial and last name in combination with any one or more of the following data elements for that individual:
> > (I) A social security number;

     (II) A driver license or identification card number, passport number, military identification number, or other similar number issued on a government document used to verify identity;

     (III) A financial account number or credit or debit card number, in combination with any required security code, access code, or password that is necessary to permit access to an individual's financial account;

     (IV) Any information regarding an individual's medical history, mental or physical condition, or medical treatment or diagnosis by a health care professional; or

     (V) An individual's health insurance policy number or subscriber identification number and any unique identifier used by a health insurer to identify the individual.

b. A user name or e-mail address, in combination with a password or security question and answer that would permit access to an online account.

FLA. STAT. ANN. § 501.171(g). Similarly, section 119.071(5) of the Florida Statutes recognizes a host of information exempted from the state's public record law requirements, including social security numbers, bank account and credit card numbers, certain information regarding minors, among much else. FLA. STAT. ANN. § 119.071(5)(a)-(j). Hence, to the extent Plaintiffs are asking the Court to designate information as confidential or otherwise protected from public disclosure that is already categorized as such under Florida and federal law, their Motion is

unnecessary. Here however, Plaintiffs appear to be seeking to obtain a protective order covering information the City has not asked for, and the Plaintiffs have not provided, as far as the City thus far can discern. The City sees no reason to indulge in the Plaintiffs' speculation about the possibility of a future contingent event. Of course, the City will take every precaution not to disclose information that is confidential or otherwise protected by law. Moreover, Florida and federal law requires Plaintiffs to treat the personal information of their members with the same care they are asking the Court to order of Sheriff Williams. To the extent, therefore, Plaintiffs' disclosed discovery contains their member's personal information, or information identifying minors, the onus should first be on the Plaintiffs to redact any such protected information prior to disclosing the same to Defendants.

## IV. Conclusion

In conclusion, the City agrees that under both Florida and federal law, much of what Plaintiffs may produce in the course of discovery, should be treated as confidential and afforded appropriate protections. The City cannot agree, however, to Plaintiffs' request that it act contrary

to Florida's public record laws and treat as confidential and protected from public disclosure information that is not so designated under Florida law or return/destroy Plaintiffs' produced discovery at the end of the litigation.  The order sought by Plaintiffs is unnecessary and in important respects not supported by their cited cases.  Finally, the City adopts, in toto, the arguments made in Governor DeSantis and Intervenor-Defendant Attorney General Moody's Response, with the exception of four sentences.[2]

In sum, the City submits that this Court's Order, if entered, should do no more than direct the City to comply with federal and state laws regarding information it receives from Plaintiffs.


Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**
*/s/ Mary Margaret Giannini*
**JON R. PHILLIPS**
Deputy General Counsel

---

[2] The four sentences the City does not adopt begin at the bottom of page 10 of the Governor and Attorney General's Response, starting with "This Court cannot enter an order that sidesteps Chapter 119 . . . ." and end with ". . . . can usurp the Legislature's power in that regard."

14

Florida Bar No.  273813
Email: JPhillips@coj.net; CRegister@coj.net
**SONYA HARRELL**
Chief, Tort and Employment Litigation
Florida Bar No. 0042803
SonyaH@coj.net; BOsburn@coj.net
**GABRIELLA YOUNG**
Chief, JSO and Regulatory Affairs
Florida Bar No.: 0183709
Email: GCYoung@coj.net; HDugan@coj.net
**LAURA BOECKMAN**
Assistant General Counsel
Florida Bar No.:  527750
Email:Lboeckman@coj.net;
SStevison@coj.net
**MARY MARGARET GIANNINI**
Assistant General Counsel
Florida Bar No.: 1005572
Email: MGiannini@coj.net
Secondary Email: Aseegobin@coj.net
**HELEN ROBERSON**
Assistant General Counsel
Florida Bar No. 16196
HRoberson@coj.net; HDugan@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Phone: (904) 255-5100
Facsimile: (904) 255-5120
Attorneys for Defendant, Mike Williams, in
his official capacity as Sheriff of the
Jacksonville Sheriff's Office

### CERTIFICATE OF COMPLIANCE
### WITH LOCAL RULE 7.1(F)

In accordance with Local Rule 7.1(F), the undersigned hereby

certifies that this Response and Memorandum contains 2,632 words, exclusive of case caption, signature block, certificate of service, and this certification.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October 2021, a copy of this document was filed electronically through the CM/ECF system and was furnished by email to all counsel of record.

*/s/ Mary Margaret Giannini*
**MARY MARGARET GIANNINI**