**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**THE DREAM DEFENDERS, et al.,**

***Plaintiffs*,**

**v.** **Case No.: 4:21cv191-MW/MAF**

**RON DESANTIS, in his official capacity as Governor of the State of Florida, et. al.,**

***Defendants*.**
______________________________/

**ORDER ON CONFIDENTIALITY ORDER**

This Court has considered, without hearing, the Plaintiffs' motion for entry of confidentiality order, ECF No. 160, and the Defendants' responses, ECF Nos. 166, 167, 168, and 169. Plaintiffs seek a confidentiality order to protect certain information from disclosure during the course of discovery, including (1) "personal information" within the meaning of the Florida Information Protection Act, section 501.171(g), Florida States, (2) organization membership lists, (3) information that could identify minors, and (4) non-public personal contact information such as home addresses and personal email addresses of Plaintiffs' individual members or members of other organizations.

Defendants Tony and McNeil oppose the motion insofar as the proposed

confidentiality order requires them to violate Florida's Public Records Act, Chapter 119, Florida Statutes. ECF Nos. 166 and 169. Defendant Williams opposes the motion to the extent that Plaintiffs assert their membership lists are confidential and insofar as the proposed confidentiality order requires him to violate Chapter 119, Florida Statutes. ECF No. 168. Finally, Defendant DeSantis and Intervenor-Defendant Moody oppose the motion insofar as the proposed confidentiality order requires the *receiving* party to make redactions and the proposed confidentiality order requires them to violate Chapter 119, Florida Statutes. ECF No. 167. Moreover, Defendant DeSantis and Intervenor-Defendant Moody assert Plaintiffs have not met their burden of making a particularized showing of "good cause" for the issuance of a protective order. *Id*.

Federal Rule of Civil Procedure 26(c) provides that this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," if "good cause" is shown. Fed. R. Civ. P. 26(c). "In evaluating whether a party has satisfied the burden of 'good cause,' 'a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the discovery.' " *Mata Chorwadi, Inc. v. City of Boynton Beach*, No. 9:19-cv-81069-Dimitrouleas/Matthewman, 2020 WL 2516979, at *1 (S.D. Fla. May 18, 2020) (quoting *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641,

642 (S.D. Fla. 2007)). "The party seeking protection has the burden of demonstrating good cause by making a particular and specific demonstration of fact, as opposed to stereotyped or conclusory assertions." *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "In other words, 'the onus is on the party resisting discovery to demonstrate specifically how the request is unreasonable or otherwise overly burdensome.' " *Sanders v. QuikTrip Corp.*, 378 F. Supp. 3d 1177, 1183 (N.D. Ga. Mar. 29, 2019) (quoting *Reynolds v. Gen. Motors Corp.*, No. 2:04-CV-0106-RWS, 2007 WL 2908564, at *2 (N.D. Ga. Sept. 28, 2007)). It is within the sound discretion of the trial court to decide when a protective order is appropriate and what degree of protection is required. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

Plaintiffs assert that in response to requests for production served by Defendant DeSantis, they have identified many documents that contain information that should be protected. Plaintiffs assert that the information they seek to protect is "not relevant to the claims or defenses in this action, and disclosure of such information could unnecessarily subject the individual owners of the information to undue annoyance, embarrassment, or oppression[.]" ECF No. 160 at 3. Plaintiffs assert the information they seek to protect includes (1) certain personal information that is already protected by Florida law, (2) membership lists that are arguably

protected by constitutional associational privacy principles, (3) information identifying minors, and (4) identifying personal information of non-parties. However, Plaintiffs do not attach any discovery request seeking production of such information. Moreover, Defendant DeSantis asserts he has not sought production of any membership lists. *See* ECF No. 167 at 7.

This Court need not pass on the issue of whether Plaintiffs' proposed confidentiality order would cause Defendants to violate Florida's public records laws, because this Court rejects Plaintiffs' proposed order. Instead, upon review of the motion and the Defendants' responses, this Court finds that Plaintiffs have demonstrated good cause for protection of information in categories 1, 3, and 4 as set out above. Plaintiffs must make such redactions deemed necessary to protect this information.[1] But this Court finds that Plaintiffs have not demonstrated good cause with respect to membership lists, of which no Defendant has sought production. Accordingly, Plaintiffs' motion is **GRANTED in part** to the extent Plaintiffs seek to protect information that falls into categories 1, 3, and 4 in their motion; however,

[1] To be clear, though, Plaintiffs have asked for more than is necessary at this juncture. If Defendants find that they need information that has been redacted, they may file the appropriate motion at that time.

it is **DENIED** in all other respects.[2]

**SO ORDERED on November 15, 2021.**

**s/Mark E. Walker**
**Chief United States District Judge**

[2] Nobody has sought production of any membership lists; therefore, Plaintiffs have not shown that any request is unreasonable or overly burdensome because there has been no such request. In the event any Defendant seeks production of membership lists, thereby implicating Plaintiffs' members constitutional rights, Plaintiffs may seek the appropriate relief from this Court at that time.